UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| TANNERS CREEK DEVELOPMENT, LLC, <br> ENVIROANALYTICS GROUP, LLC, <br> INDUSTRIAL DEMOLITION, LLC, <br> COMMERCIAL DEVELOPMENT CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> ARTHUR M. TOMS, <br> DORI B. SCHWEITZER, <br> JAMES B. TOMS, III, <br> ANDIS, LLC, <br> ATRC, LLC, <br> STANCO EQUIPMENT CO., INC., <br> SANDOR ENTERPRISES, LLC, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 4:18-cv-00211-SEB-DML <br> *SEALED* |

**ORDER GRANTING *EX PARTE* MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING TELEPHONIC STATUS CONFERENCE**

Plaintiffs have today, November 15, 2018, filed a verified complaint in this Court charging Defendants with among other things criminal and civil conversion, fraud, breach of fiduciary duty, and conspiracy. Plaintiffs seek an *ex parte* temporary restraining order (TRO) and a preliminary injunction freezing certain identified assets of Defendants.

1. The complaint sufficiently invokes our diversity jurisdiction. 28 U.S.C. § 1332; Compl. ¶¶ 6–17.

1

2. The complaint sufficiently sets forth a basis for this Court's personal jurisdiction over Defendants. Compl. ¶ 18 and *passim*.

3. "The court may issue a [TRO] without . . . notice to the adverse party only if . . . specific facts in . . . a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (internal subdivisions omitted).

4. "Every [TRO] issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; [and] state why the order was issued without notice . . . ." Fed. R. Civ. P. 65(b)(2).

5. "Every [TRO] must . . . state the reasons why it issued; state its terms specifically; and describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d) (internal subdivisions omitted).

6. A TRO freezing assets may be issued to preserve the status quo and Plaintiffs' rights to equitable relief. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002); *Comcast of Ill. X, LLC v. Till*, 293 F. Supp. 2d 936, 942 (E.D. Wis. 2003). The TRO may be issued without notice if notice would render fruitless the further prosecution of the action. *Am. Can Co. v.*

*Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984); *Comcast of Ill. X*, 293 F. Supp. 2d at 939.

7. The plausible and particularized allegations of Plaintiffs' verified complaint show that, since February 2017, Defendants have converted $4 million worth of Plaintiffs' property, have repeatedly misled Plaintiffs and misrepresented material facts, and have begun to dissipate and otherwise attempt to conceal the proceeds of Defendants' unlawful activity.

8. Defendants' nearly two-year history of fraudulent and criminal activity as alleged in Plaintiffs' verified complaint strongly suggests that, if Defendants are given notice of Plaintiffs' suit prior to the issuance of the TRO, Defendants' efforts to dissipate and conceal the proceeds of their unlawful activity will intensify.

9. Among other remedies, Plaintiffs seek the imposition of a constructive trust. This remedy will be irretrievably lost to Plaintiffs if Defendants are permitted to dissipate and conceal the *res* of that trust.

10. Moreover, Defendants' dissipation and concealment, if permitted, will tend to destroy or otherwise make unavailable material evidence for use in the prosecution of this action.

11. Accordingly, unless the TRO issues now without notice, it is likely that Plaintiffs' ability to pursue their remedies will be substantially impaired, causing irreparable injury.

12. However, Plaintiffs have not shown why an order requiring submission of an accounting of Defendants' other assets is required to maintain the status quo or prevent irreparable injury. Accordingly, Defendants will be ordered only to preserve such accounting now for future use.

13. Plaintiffs' counsel has requested that Plaintiffs be relieved of any bond. Until the Court can consider the appropriateness of a bond more fully, that request is granted.

### **Conclusion and Order**

For the reasons explained above:

1. Plaintiffs' motion is GRANTED.

2. Defendants' assets identified in Appendix 1 to this Order are FROZEN.

3. Defendants, their officers, agents, servants, employees, attorneys, and other persons who are in active concert and participation with any of these are PROHIBITED from transferring, withdrawing, moving, encumbering, or in any way obscuring the assets identified in Appendix 1 to this Order without first giving notice to Plaintiffs and receiving leave from this Court.

4. Defendants are further REQUIRED to preserve an accounting of any additional assets or ownership interests they maintain in any real property for disclosure as discovery in the litigation of this action.

5. Defendants are further REQUIRED within 14 days of receipt of this Order to file a copy of this Order with each of his/her/their banks, in the mortgage

office related to any property owner, and with any other entity that controls any of the relevant assets.

6. The TRO SHALL REMAIN IN EFFECT for 14 days after the date of issuance, or until a ruling on Plaintiffs' motion for a preliminary injunction, whichever is earlier, or until earlier further order of the Court.

7. **Plaintiffs' counsel is DIRECTED to effect service of all filed documents, including the TRO, on Defendants immediately (this evening).**

8. **The Court hereby sets a telephonic status conference for November 16, 2018, at 11:00 a.m.** All counsel are ORDERED to contact the Court at 317-229-3600 and be prepared to discuss the request for injunctive relief, including imposition of a bond, if any.

Date and
Time of
Issuance: 6:15 p.m. on 11/15/2016

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Caroline L. Pieroni
DINSMORE & SHOHL, LLP (Louisville)
caroline.pieroni@dinsmore.com