UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| TANNERS CREEK DEVELOPMENT, LLC, <br> ENVIROANALYTICS GROUP, LLC, <br> INDUSTRIAL DEMOLITION, LLC, <br> COMMERCIAL DEVELOPMENT CO., INC., <br><br> Plaintiffs, <br><br> v. <br><br> ARTHUR M. TOMS, <br> DORI B. SCHWEITZER, <br> JAMES B. TOMS, III, <br> ANDIS, LLC, <br> ATRC, LLC, <br> STANCO EQUIPMENT CO., INC., <br> SANDOR ENTERPRISES, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 4:18-cv-00211-SEB-DML |
| ANDIS, LLC, <br><br> Counter Claimant, <br><br> v. <br><br> ENVIROANALYTICS GROUP, LLC, <br> INDUSTRIAL DEMOLITION, LLC, <br><br> Counter Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| ANDIS, LLC, <br><br> Third Party Plaintiff, <br><br> v. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |

|                    |   |
|--------------------|---|
| JAINES, LLC,       | ) |
|                    | ) |
| Third Party        | ) |
| Defendant.         | ) |

**ORDER TO SHOW CAUSE WHY THIRD-PARTY COMPLAINT SHOULD NOT BE DISMISSED**

Plaintiffs (whom we will collectively refer to as EnviroAnalytics Group, LLC, or "EAG") sued Defendants (whom we will collectively refer to as Andis, LLC, or "Andis") for fraud, breach of contract, and other wrongs in connection with Andis's demolition of a derelict power plant owned by EAG in Lawrenceburg, Indiana. Dkt. 1. Andis answered the complaint and counterclaimed for breach of contract and conversion. Dkt. 53. Andis also included what it styled as a third-party complaint against Jaines, LLC ("Jaines"). *Id.* Because this latter pleading suffers from several deficiencies, which we outline below, Andis must show cause why it should not be dismissed.

**Background**

Andis's counterclaim and third-party complaint are presented under a single heading. *Id.* at 60. This mixed pleading alleges, under Count I, breach by EAG and Jaines of three different contracts; under Count II, conversion by EAG; and under Count III, treble damages against EAG as allowed by Indiana to victims of certain crimes. *See* Ind. Code § 34-24-3-1.

Under Count I, the counterclaim alleges EAG's breach of the contract governing the demolition of the Lawrenceburg facility, apparently the mirror image of EAG's original breach-of-contract claim against Andis. A copy of the contract, executed by

Andis and EAG, is attached to the counterclaim. Dkt. 53 Ex. A ("the Lawrenceburg contract").

Also under Count I, the third-party complaint alleges that Andis and Jaines entered into a contract for the demolition of a facility in Janesville, Wisconsin, *id.* at 62 ¶ 14, under which Andis performed, but Jaines allegedly did not, thus breaching the contract. *Id.* ¶¶ 18–19. A copy of the contract, executed by Andis and Jaines, is attached to the third-party complaint. Dkt. 53 Ex. B ("the Janesville contract").

Finally under Count I, the pleading alleges that "Andis and EAG" entered into a contract for the demolition of a facility in Lockbourne, Ohio, Dkt. 53, at 62 ¶ 16, under which "*Jaines* was to pay for th[e] labor at rates specified . . . ." *Id.* ¶ 17 (emphasis added). A copy of this contract is attached as Exhibit C, executed only by Andis and EAG. Dkt. 53 Ex. C ("the Lockbourne contract"). Jaines is nowhere mentioned. *Id.* Accordingly, we assume that Jaines was not in fact a party to the Lockbourne contract, and that Jaines's inclusion in Paragraph 17 of the pleading is a scrivener's error, for a complaint's allegations generally yield to its attachments in cases of conflict. *Forrest v. Univ'l Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007).

In sum, the only claim against Jaines presented by Andis's third-party complaint is one for breach of the Janesville contract. That contract on its face appears entirely unrelated to both the Lawrenceburg and the Lockbourne contracts. The point bears emphasis: no allegation in the third-party complaint against Jaines is connected to the events underlying EAG's original lawsuit.

EAG and Jaines filed a joint answer to Andis's pleading, Dkt. 61, signed by Attorney Caroline L. Pieroni of Dinsmore & Shohl LLP, Louisville, Kentucky. EAG and Jaines thus appear to be jointly represented by that firm. The qualifying phrase "appear to be" is warranted because, despite an answer having been filed on Jaines's behalf, no attorney has filed an appearance on its behalf. This is contrary to this Court's applicable rules. S.D. Ind. L.R. 83-7(a).

## Analysis

Andis's third-party complaint raises the triple specters of lack of subject-matter jurisdiction, improper impleader, and futility of joinder.

### I. Subject-Matter Jurisdiction

Andis's mixed pleading purports to invoke our diversity jurisdiction under 28 U.S.C. § 1332. The effectiveness of this invocation here is doubtful. Complete diversity of citizenship is apparently satisfied. But, in addition to failing to plead that the amount in controversy exceeds $75,000 "exclusive of interest and costs," *contra* 28 U.S.C. § 1332(a); *Powers v. Fultz*, 404 F.2d 50, 52 (7th Cir. 1968), the mixed pleading's global allegation that "the amount in controversy exceeds $75,000[,]" Dkt. 53, at 61 ¶ 10, disregards the long-settled anti-aggregation rule.

> In diversity cases, when there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant.

*Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001), *cited in Travelers Prop. Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012).

Here, Andis stands in the shoes of a plaintiff for the purposes of invoking federal jurisdiction. Its mixed pleading aggregates three claims (more accurately, five claims—three for breach of contract under Count I plus Counts II and III) against two defendants (Jaines and EAG) without any suggestion that these defendants are jointly liable to it. In other words, there is no showing that Andis's claim against Jaines for breach of the Janesville contract satisfies, as it must, this Court's jurisdictional minimum amount in controversy.

We note that Andis has not invoked our supplemental jurisdiction in connection with its claim against Jaines. *See* 28 U.S.C. 1367(a). Likely that is because such invocation would also be ineffective, as Andis's claim against Jaines is apparently, as already noted, entirely unrelated to EAG's underlying claims already shown to be within our original jurisdiction. *See Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000).

## II.  Improper Impleader

Andis's purported impleader of Jaines evinces a fundamental confusion about the operation of Rule 14. That rule provides, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). *See U.S. Gen., Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979). "'The distinguishing characteristic of a claim filed pursuant to Rule 14(a) is that the defendant is attempting to transfer to the third-party

defendant the liability asserted against the defendant by the original plaintiff.'" *Greene Line Mfg. Corp. v. Fibreboard Corp.*, 130 F.R.D. 397, 399 (N.D. Ind. 1990) (alteration omitted) (quoting *Forum Ins. Co. v. Ranger Ins. Co.*, 711 F. Supp. 909, 915 (N.D. Ill. 1989)). In other words, "'the third-party defendant must be secondarily liable [or derivatively liable] to the third-party plaintiff in the event the third-party plaintiff is found to be liable to the plaintiff.'" *Westchester Surplus Lines Ins. Co. v. Grange Mut. Cas. Co.*, No. 1:14-cv-00827-TWP-DML, 2015 WL 3796036, at *2 (S.D. Ind. June 17, 2015) (Pratt, J.) (alteration omitted) (quoting *Greene Line*, 130 F.R.D. at 399). The third-party plaintiff and third-party defendant, while adverse to one another, are thus mutually adverse to the plaintiff. That is why Rule 14 permits a third-party defendant to "assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim[.]" Fed. R. Civ. P. 14(a)(2)(C).

    Here, it is clear that Andis is not attempting to transfer to Jaines any of Andis's liability to EAG. There is no contention that, if Andis is liable to EAG, then Jaines is liable to Andis by way of indemnification, contribution, or another mechanism. Rather, Andis asserts simply that Jaines is liable to it for an independent wrong, entirely unrelated to any liability of Andis to EAG. Curiously, counsel for EAG and Jaines appears well aware that Andis's claim is not properly brought under Rule 14—for otherwise counsel would have undertaken a joint representation of adverse parties in the same litigation, risking a serious breach of her professional obligations, Ind. R. Prof'l Conduct 1.7(b)(3)—but EAG and Jaines have so far passed over the point in silence.

6

### III. Futility of Joinder

In *In Retail Fund Algonquin Commons, LLC ex rel. Inland Real Estate Corp. v. Abercrombie & Fitch Stores, Inc.*, the court faced a situation similar to that now at bar: the defendant improperly used impleader to bring a nonparty before the court to answer its counterclaim against the plaintiff-counterdefendant as a fellow counterdefendant. No. 09-cv-5824, 2011 WL 4738355, at *2 (N.D. Ill. Oct. 5, 2011). Improper impleader notwithstanding, the court declined to dismiss the third-party complaint on the basis that Rule 15(a) "encourages granting leave to amend[.]" *Id.* Here, however, any amendment to Andis's mixed pleading accompanied by a motion for joinder under Rule 13, or any judicial construction of the third-party complaint to the same effect, would appear to be futile.

Rule 13 contemplates that a defendant-counterclaimant may move to join additional parties to the action to answer its counterclaim provided such joinder satisfies Rule 19, governing required joinder, or Rule 20, governing permissive joinder. Fed. R. Civ. P. 13(h); *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 752 (7th Cir. 2015). Here, there is no suggestion that Jaines is a required party under Rule 19. And permissive joinder under Rule 20 is apparently unavailable as well.

Rule 20 provides,

> Persons . . . may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)–(B) (internal subdivisions omitted). Rule 20 thus

> imposes two specific requirements for the permissive joinder of defendants: (1) a right to relief must be asserted by the plaintiff against each defendant relating to or arising out of the same transaction or series of transactions; *and* (2) some common question of law or fact must be present with respect to all parties in the action (i.e. a common thread).

*Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 57 (7th Cir. 1982).

Here, as noted several times already, Andis's claims against EAG and Jaines do not appear to arise out of the same transaction or occurrence, nor do they appear to share a single common question of law or fact. Therefore, even if in the first instance Andis had selected the appropriate procedural vehicle (Rule 13 rather than Rule 14) for the result it wishes to effect (addition of Jaines as a party to answer its claim for breach of the Janesville contract), Andis still would not have succeeded. It would accordingly be futile to construe or permit amendment of Andis's mixed pleading to that effect.

## Conclusion

It is perhaps understandable that the parties have treated the addition of Jaines as unproblematic. Jaines is a Missouri limited liability company whose members (two trusts or their trustees) are all members of EAG, also a Missouri limited liability company. *Compare* Dkt. 53, at 61 ¶ 9, *with id.* ¶ 7. But the corporate form is not so lightly set aside, *66, Inc. v. Crestwood Commons Redev. Corp.*, 998 S.W.2d 32, 40 (Mo. 1999) (*en banc*)—not to speak of the Federal Rules of Civil Procedure.

Without subject-matter jurisdiction, the claim against Jaines must be dismissed. Fed. R. Civ. P. 12(h)(3); *Aljabri v. Holder*, 745 F.3d 816, 818 (7th Cir. 2014). Assuming

jurisdiction over the claim, we may still dismiss Jaines from the suit on just terms. Fed. R. Civ. P. 21; *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Andis must show cause why this result should not obtain. EAG and Jaines may be heard on the question as well, if they wish.

## **Order**

For the reasons given above:

Andis is ORDERED TO SHOW CAUSE why its third-party complaint should not be dismissed WITHIN FOURTEEN DAYS of the date of this order.

EAG, Jaines, or both may submit briefs in support of or opposition to dismissal within seven days of Andis's response to this order.

IT IS SO ORDERED.

Date: 1/29/2019

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jonathan A. Bont
PAGANELLI LAW GROUP
jon@paganelligroup.com

G. Luke Burton
DINSMORE & SHOHL LLP
luke.burton@dinsmore.com

Jayna Morse Cacioppo
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jcacioppo@taftlaw.com

Vivek Randle Hadley
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
vhadley@taftlaw.com

Robert K. McBride
TAFT STETTINIUS & HOLLISTER LLP
rmcbride@taftlaw.com

Peter J. O'Shea
KATZ TELLER BRANT HILD
poshea@katzteller.com

Caroline L. Pieroni
DINSMORE & SHOHL, LLP (Louisville)
caroline.pieroni@dinsmore.com

Jeffrey D. Stemerick
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jstemerick@taftlaw.com

Brian S. Sullivan
DINSMORE & SHOHL LLP
brian.sullivan@dinsmore.com

Ashley M. Young
KATZ TELLER BRANT & HILD
ayoung@katzteller.com